IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL RONDON, | ) | CASE NO.  1:13 CV 1679 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID D. DOWD, JR. |
| v. | ) | |
| | ) | |
| SSI-SSA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

On August 2, 2013, *pro se* plaintiff Israel Rondon, filed this action against "SSI-SSA,"

presumably the Social Security Income program of the Social Security Administration.  While

the Complaint is unclear, Plaintiff appears to assert that Defendant "embezzled" funds from his

401k accounts.  (Compl. at 2.)

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The

plaintiff is not required to include detailed factual allegations, but must provide more than "an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* , 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Even given the most liberal construction, the Complaint does not contain allegations remotely suggesting Plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal.  *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


October 15, 2013                              s/David D. Dowd, Jr.
Date                                          David D. Dowd, Jr.
                                              U.S. District Judge